STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

04-1352


TRACY SMITH PORTO

VERSUS

FINLEY C. MATTHEWS, JR., ET AL.


**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 211,088-F
HONORABLE GEORGE C. METOYER, JR., DISTRICT JUDGE
**********

GLENN B. GREMILLION
JUDGE

**********

Court composed of Michael G. Sullivan, Glenn B. Gremillion, and J. David Painter, Judges.


REVERSED AND REMANDED.

Robert Lewis Bussey
Lewis O. Lauve, Jr.
Bussey & Lauve
P. O. Box 307
Alexandria, LA 71309-0307
(318) 449-1937
Counsel for Plaintiff/Appellee
        Tracy Smith Porto

**William M. Ford**
**Susan Ford Fiser**
**1630 Metro Drive**
**Alexandria, LA 71315-2424**
**(318) 442-8899**
**Counsel for Defendants/Appellants**
      **Finley C. Matthews, Jr.**
      **Advanced Therapy Solutions, Inc.**

PER CURIAM.

The trial court granted summary judgment in favor of the plaintiff, Tracy Smith Porto, with regard to a promissory note issued in connection with a non-compete agreement. This agreement is contained within a September 17, 2002 Credit Sale between Porto and the defendant, Finley C. Matthews, Jr., providing for the sale of Porto's interest in Advanced Therapy Solutions, Inc. to Matthews. The promissory note at issue provided for twelve monthly payments of $6,420.56 to Porto, commencing on September 3, 2003, and ending on August 3, 2004, for a total payment of $75,000. The note is signed by Matthews both as president of Advanced Therapy Solutions and as an individual guarantor of the note.

The actual sale of Porto's interest in Advanced Therapy Solutions was further evidenced by a second promissory note contained in the Credit Sale, which was executed by Matthews in favor of Porto. This note provided for a single payment of $75,000 to be paid on October 15, 2002. It, likewise, was signed by Matthews individually and as president of Advanced Therapy Solutions. The trial court denied Porto's motion for summary judgment pertaining to this promissory note.

At the hearing on the motion for summary judgment, the trial court held that two promissory notes existed in conjunction with the Credit Sale, not one as argued by Matthews. We agree with this finding. However, with regard to the non-compete agreement, we find the record devoid of any evidence that Porto complied with this requirement for the two years specified. The only information we can find on this issue is contained in Porto's appeal brief. Thus, as this is not evidence, we find merit in Matthews' argument that there is a genuine issue of material fact as to

1

the consideration or lack thereof with regard to the satisfaction of this promissory note. Accordingly, the judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed to the plaintiff-appellee, Tracy Smith Porto.

**REVERSED AND REMANDED.**